# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-CV-61363

AMY BETIT,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

CODEFIED, INC. d/b/a HOUSECALL PRO,

        Defendants.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff AMY BETIT ("Plaintiff"), individually and on behalf of all others similarly situated, sues Defendant CODEFIED, INC. d/b/a HOUSECALL PRO ("HCP" or "Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 28 U.S.C. 1332(d)(2).

2. Venue in this District is proper because Plaintiff resides here, HCP transacts business here, and the complained conduct of HCP occurred here.

## PARTIES

3. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

4. HCP is a Delaware corporation, with a principal office located at 3636 Nobel Drive, Suite 360, San Diego, CA 92122. HCP directs, markets, and controls its business in the United States.

PAGE | 1 of 7

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. HCP provides a full-service tool that gives service professionals the ability to run his or her business through a smartphone application and/or through a web-based portal. The tools allow for, among other things, job scheduling, invoicing, payment processing, as wells a number of additional features relevant to service professionals.

## DEMAND FOR JURY TRIAL

6. Plaintiff respectfully demands a trial by jury on all issues so triable.

## BACKGROUND FACTS

7. In principal part, HCP is a software developer that owns and operates an application called "Housecall Pro" (the "App"), of which is an all-in-one software that allows service professionals to utilize a fleet of tools and services to, among other things, accept payments from customers, send invoices to customers, communicate with employees, as well schedule consultations and/or estimates with consumers.

8. Unbeknownst to the service professionals utilizing the App, however, HCP would, without the consent of the cellular subscriber, obtain the cellular telephone information of the service provider's consumers and/or employees (collectively, "consumers"), and communicate said consumers via text message, of which was achieved using an automatic telephonic dialing system.

9. The App is exclusively developed and maintained by HCP. Included and/or integrated into the App, or derivate application thereof, is an automatic telephone dialing system ("ATDS"), of which has the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

10. The ATDS component of the App allowed HCP to send marketing text messages to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

consumers of the service professionals utilizing the App without the consent or approval of the service professional's consumers. Plaintiff was sent, at minimum, two of these text messages without Plaintiff's express consent.

11. Plaintiff received the subject text messages within this judicial district.

12. Below is a depiction of actual text messages received by Plaintiff from HCP, of which was sent by HCP and without the consent or approval of either Plaintiff or the service professional involved therein, *to wit*, Ryan Turizo:



13. Plaintiff received the subject text messages within this judicial district.

14. HCP caused other text messages to be sent to individuals residing within this judicial district.

15. At no point in time did Plaintiff provide either HCP or the applicable service professional with express consent to be contacted.

16. Plaintiff is the subscriber and sole user of the ***-***-9685 phone number.

17. HCP unsolicited text messages caused Plaintiff actual harm, including invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

18. HCP text messages, among other things, inconvenienced Plaintiff and caused disruption

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to Plaintiff's daily life.

19. Some, if not all of the messages originated from the short-code "91929."

20. The impersonal and generic nature of the subject text messages, coupled with the fact that such text messages originated from a short-code, demonstrates that Defendant utilized an ATDS in transmitting these messages.

## CLASS ALLEGATIONS

21. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

22. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received text message made through the use of any automatic telephone dialing system, from HCP, or anyone on HCP's behalf, to said person's cellular telephone number, not for emergency purpose and without the recipient's prior express consent.**

23. HCP and their employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

24. Upon information and belief, HCP has placed automated calls and/or text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without his or her prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can

be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (A) Whether HCP sent non-emergency text messages to Plaintiff's and Class members' cellular telephones using an ATDS;
>
> (B) Whether HCP can meet its burden of showing that prior express consent was obtained to make send such texts;
>
> (C) Whether HCP conduct was knowing and willful;
>
> (D) Whether HCP should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the

PAGE | **5** of 7

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct is too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## Violation of the TCPA, 47 U.S.C. § 227(b)

32. Plaintiff re-alleges and incorporates paragraphs 1-31 as if fully set forth herein.

33. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system. The TCPA also specifically prohibits the use of an unsolicited text messages to advertise the sale of goods and services. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200.

34. Here, the App, and/or equipment, hardware, or software derivative thereof, is equipment with the capacity to dial numbers without human intervention, and HCP used said App to send text messages to the cellular telephones of Plaintiff and the above defined Class. Said text messages were sent as part of a campaign organized, coordinated, maintained, and otherwise controlled by HCP.

35. The complained of text messages violate the TCPA and were otherwise negligently sent, or alternatively, willfully sent by Defendants despite prior knowledge of the TCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants, providing the following relief:

(A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(B) A permanent injunction prohibiting Defendants from violating the TCPA in the future through text messaging cell phones using an automatic telephone dialing system and/or a prerecorded voice message;

(C) Any other relief the Court finds just and proper.

DATED: July 10, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 10, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

PAGE | 7 of 7

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com